Barry J. Bondy v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-327-CR

BARRY J. BONDY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Barry J. Bondy of injury to a child causing bodily injury.  Upon his plea of true to the repeat offender notice, the jury assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly.  In his sole point, Appellant contends that the trial court abused its discretion by admitting pictures of the complainant showing the injuries he sustained.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgment.

The complainant is Appellant’s five-month-old son.  At 12:45 a.m. on Saturday, October 13, 2001, Appellant took the complainant to the emergency room in Arlington, Texas.  The child had injuries on his back, buttocks, chest, face, arms, and legs.  During the physical examination of the complainant, the examining nurse noticed that he had bruising on his buttocks consistent with a hand hitting that portion of his body.  Seventeen days later Appellant provided the police a written statement admitting that he had spanked the complainant on his buttocks on Thursday, September 12, 2001.  We note that September 12, 2001 fell on a Wednesday; October 12, 2001 fell on a Friday.  The statement also included Appellant’s admission that he had been lying on the couch watching television, frustrated by not having a job while bills were piling up, on the evening he struck the complainant.  Appellant was indicted for knowingly causing bodily injury to the complainant by striking him with his hand.

The three contested exhibits were photographs of the bruising on portions of the complainant’s body other than the buttocks.  The three photographs in question specifically show injuries to the complainant’s abdomen, thigh, and face.  State’s exhibit two, to which there was no objection, shows injuries to the buttocks and the thigh.  Appellant contended, and the medical testimony tends to confirm, that the injuries to the complainant’s legs, face, and chest, as depicted in the photographs, were bite marks made by a child.

The trial court initially found the contested photographs’ probative value was substantially outweighed by their prejudicial effect.  The trial court changed its ruling, however, after Appellant raised the issue of the true cause of the bruising on the complainant’s buttocks.  In cross-examining the emergency room nurse, Appellant raised the possibility that the bruising on the complainant’s buttocks was caused by bites inflicted by the child’s sibling, not by Appellant.  On cross examination, Appellant also led the nurse practitioner to admit that he believed the bruising on the complainant’s buttocks was caused by biting, not by striking.

The issue before the jury was whether the injuries to the buttocks were caused by Appellant’s hand or by a sibling’s bite.  This question was an issue of fact for the jury to determine.  The objected-to photographs were, according to Appellant, photographs of bite marks.  Consequently, the photographs were appropriate evidence to present to the jury to allow it to determine whether the injuries to the buttocks were consistent with a bite mark.  Had Appellant not argued that the injuries to the buttocks were bite marks, the photographs would not have been admissible.  But because that issue was before the jury, the State was entitled to offer evidence to assist the jury in making its determination.  Additionally, the photographs were not unnecessarily inflammatory.  The trial court properly applied the rule 403 balancing test and correctly held that the photographs were admissible.
(footnote: 2)  The trial court therefore did not abuse its discretion in admitting the photographs.

Because we hold that the trial court did not abuse its discretion, we overrule Appellant’s sole point and affirm the trial’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. Evid.
 403.